# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. ACKOUREY, JR. | : | CIVIL ACTION |
| v. | : | |
| ANDRE LANI CUSTOM CLOTHIERS, et al | : | NO. 12-1686 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                           November 28, 2012

In this copyright infringement action, plaintiff, Richard C. Ackourey, Jr. ("Ackourey"), alleges that the defendant Ashok B. Khemlani ("Lani"), who trades under the registered name of Andre Lani Custom Clothiers, wrongfully used Ackourey's copyrighted "artistic drawings and graphic representations" of clothing fashions. He contends Lani reproduced the images and displayed them on websites "established and controlled" by him.

Lani has moved to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. He argues that he has had no contacts in Pennsylvania to justify the exercise of either general or specific jurisdiction. He contends that his website, which Ackourey relies upon as a basis for personal jurisdiction, is passive and informational, not interactive.

We conclude that Ackourey has not met his burden of establishing personal jurisdiction over Lani. He has failed to show that Lani has sufficient contacts with Pennsylvania that would justify exercising jurisdiction without offending traditional notions of fair play and substantial justice. Nor has he proffered any evidence that Lani engaged in any conduct directed at Pennsylvania. Therefore, we shall grant Lani's motion to dismiss.

**Factual Background**

Ackourey, as the sole member and owner of Graphic Styles/Styles International, LLC ("Graphic Styles"), is the copyright owner of numerous fashion stylebooks. The stylebooks are registered as compilation copyrights and contain drawings of men's and women's fashion clothing styles.

Lani is a tailor of custom clothing who runs his business out of his home in Beaverton, Oregon. His business name, Andre Lani Custom Clothiers, is registered in Oregon. He has no offices, show rooms, or other places of business in Pennsylvania. Nor does he have any employees or agents in Pennsylvania.

Lani takes orders from customers in face-to-face communications for custom-made clothing, fits his customers, and submits measurements and fabric choices to a supplier located in Hong Kong, Noblehouse.us, which places the orders with cutters in Hong Kong. Once the clothing is manufactured, Noblehouse.us ships the finished clothing to the customers. Most of Lani's customers are from the Oregon area. None are in Pennsylvania. He has never traveled to Pennsylvania.

Lani's website, www.andrelanicustomclothiers.com, provides general information about Lani's custom tailoring business, including the types of custom clothing that he provides.[1] The website is accessible throughout the United States, including Pennsylvania. Although the website does not allow customers to place orders, or obtain pricing and shipping information, a customer can schedule a fitting by filling out a

---

[1] Lani's other websites, www.andrelani.com, andrelani.com, and customsuited.com, all redirect to www.andrelanicustomclothiers.com.

contact form.² Lani contends that he has never been contacted by anyone from Pennsylvania from his business website.

As alleged in the complaint, Ackourey published and distributed the Graphic Styles International Stylebook, Best of Seasons through Spring and Summer 2005 ("2005 Stylebook"), which contained 220 images of men's and women's fashion clothing styles. Many of the images were selected from earlier works, including some images published in past stylebooks and registered as compilations under the Copyright Act, 17 U.S.C. §103. Lani ordered the 2005 Stylebook from Ackourey.

The following year, Ackourey prepared, published and distributed the Graphic Styles International Stylebook, Best of Seasons 2006 ("2006 Stylebook"), which contained 367 images of men's and women's fashion clothing styles. Again, many of the images were selected from earlier works, including some images published in past stylebooks and registered as compilations under the Copyright Act.

Ackourey alleges that Lani copied images from the 2005 and 2006 stylebooks, and published them on a shared website, Noblehouse.us, and his own website.³ Lani's website displayed approximately thirty-five copyrighted images without attribution to Ackourey or Graphic Styles. Ackourey contends that Lani displayed the copyrighted material to "attract and secure purchasers for the specific men's fashion clothing styles shown in the images . . . [and] to solicit sales and promote [their] business and

---

² Contrary to Lani's assertion that it is not possible to schedule a fitting on the current website, the link displays more than a clothing label. *Defs.' Mem. in Supp. of Mot. to Dismiss*, at 3-4. The contact form appears below the label, with a field for "Name," "E-mail," and "Message," as well as Lani's contact information.

³ According to Ackourey, Noblehouse.us is "a website jointly shared by and among various tailors to advertise their traveling schedules for custom suit fittings." *Pl.'s Compl.* ¶ 40.

reputation."[4] Consequently, Ackourey contends that Lani is liable under 17 U.S.C. § 501 for copyright infringement for publishing the images on Noblehouse.us and his website.

**Standard of Review**

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating facts establishing a basis for the exercise of jurisdiction. *D'Jamoos v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). When the parties do not conduct jurisdictional discovery and there is no evidentiary hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

In reviewing the facts, the plaintiff's allegations are accepted as true, and disputed facts are construed in the light most favorable to the plaintiff. *Id.* Bald assertions and legal conclusions are insufficient. *Kanter v. Barella*, 489 F.3d 170 (3d Cir. 2007) (citing *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)); *see, e.g.*, *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984) (rejecting plaintiff's "bald, self-serving statement" concerning the defendants' contacts with the forum). The plaintiff must show the existence of sufficient contacts between the defendant and the forum. *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002). Thus, to meet his burden, the plaintiff must present "competent evidence" showing that the defendant has the requisite minimal contacts with the forum to warrant the exercise of personal jurisdiction over the defendant. *Miller Yacht*, 384 F.3d at 101

---

[4] *Pl.'s Compl.* ¶ 55.

n.6 (citing *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir.), *cert. denied*, 498 U.S. 812 (1990)); *BP Chems. Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000).

## Discussion

"Whether a district court has personal jurisdiction over a nonresident defendant is a two-part inquiry." *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010). First, there must be a statutory basis for exercising jurisdiction in accordance with the law of the forum state. *Id.* (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)). Second, the non-resident defendant must have minimum contacts with the forum state sufficient to satisfy constitutional due process. *Id*.

The plaintiff must establish with reasonable particularity that sufficient contacts exist between the defendant and the forum to justify the exercise of jurisdiction. *Pinker*, 292 F.3d at 368. This showing of minimum contacts must comport with the requirements of the Due Process Clause such that "traditional notions of fair play and substantial justice" are not offended by requiring the defendant to appear in court in the forum. *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (citing *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). The nature of these contacts must be such that the defendant should be reasonably able to anticipate being haled into court in the forum state. *Provident Nat'l Bank*, 819 F.2d at 437 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

A federal court sitting in Pennsylvania can exercise personal jurisdiction over a non-resident defendant to the extent permissible under Pennsylvania's long-arm

5

statute.[5] Fed. R. Civ. P. 4(k). Pennsylvania exercises personal jurisdiction over non-residents to the extent permitted by the Due Process Clause of the Fourteenth Amendment. *See* 42 Pa. Const. Stat. Ann. § 5322(b).

There are two bases for personal jurisdiction, general and specific. The focus of general jurisdiction is on the relationship between the defendant and the forum state, not on the relationship of the claims to the forum. *See Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990). The specific jurisdiction inquiry considers the relationship of the litigation to the defendant's contacts with the forum. *Pinker*, 292 F.3d at 368.

General jurisdiction exists where the non-resident has substantial, continuing and systematic contacts with the forum. *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). Once these contacts are established, the defendant can be answerable for any claim even if the cause of action has no relationship to the forum. *Pennzoil Prods. Co. v. Colelli Assocs., Inc.*, 149 F.3d 197, 200 (3d Cir. 2004). Thus, general jurisdiction is not premised on conduct related to the litigation, but on the defendant's unrelated contacts in the forum.

If the defendant does not have continuous and systematic contacts with the forum state, the defendant may still be subject to specific jurisdiction in the forum state. Specific jurisdiction arises when the cause of action is related to or arises out of the defendant's contacts with the forum and the injury is related to those contacts. *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). A single contact may be sufficient where its connection to the forum is substantial. *Miller Yacht*, 384 F.3d at 96. Specific jurisdiction has three requirements: (1) the defendant purposefully directed his

---

[5] 42 Pa. Cons. Stat. Ann. § 5301.

conduct at the forum; (2) the cause of action arises out of or relates to that conduct; and (3) the exercise of jurisdiction is consistent with fair play and substantial justice. *O'Connor*, 496 F.3d at 317 (citations omitted). In other words, where a defendant, by the nature of his forum-related conduct, could have reasonably anticipated being sued in the forum, he is subject to specific jurisdiction.

The purposeful direction prong of the specific jurisdiction test does not require physical presence in the forum. It does require deliberate action directed at the forum. The contact must be more than fortuitous or incidental. The defendant must act knowing that his actions will have an effect in the forum. Hence, the defendant's activities must be directed at citizens in the forum.

The relatedness requirement rests upon the causal connection between the defendant's activities and the effects of that activity in the forum. The link must be close enough to show that the defendant knew it was reasonably foreseeable that he would be subject to personal jurisdiction arising out of his forum-related activity.

The reasonableness test requires that the defendant's conduct or its consequences must have a substantial enough connection with the forum to make the exercise of jurisdiction reasonable. In the end, the determinative factor is whether the defendant's contacts or consequences of those contacts in the forum are substantial enough to justify exercising jurisdiction without offending traditional notions of fair play and substantial justice.

The fair play analysis considers several factors bearing on the reasonableness of exercising jurisdiction in the forum. They are: the burden on the defendant; the forum's interest in resolving the dispute; the plaintiff's interest in getting convenient and effective

relief; the interstate judicial system's interest in obtaining the efficient resolution of controversies; and the procedural and substantive interests of other parties.

Where a defendant has purposefully directed his activities at the forum, reasonableness is presumed. To overcome this presumption, the defendant must demonstrate that other considerations render the exercise of jurisdiction unreasonable.

Ackourey does not argue that general jurisdiction exists.[6] Instead, he argues that there is specific jurisdiction based upon Lani's Pennsylvania contacts. He contends that Lani: (1) "reached into Pennsylvania to obtain a copy of the 2005 stylebook;" (2) maintained a website that allowed users to place orders and "sign up for regular electronic communication;" and (3) advertised his traveling schedule on the Noblehouse.us website to solicit Pennsylvania residents and schedule appointments for fittings in Philadelphia and Pittsburgh.[7]

Lani contends that he never reached into Pennsylvania. According to Lani and undisputed by Ackourey, it was Ackourey that reached out from Pennsylvania to Lani in Oregon. Lani received an unsolicited call from Ackourey who offered to sell him the stylebook. Lani has never traveled to Pennsylvania. He does not and has not ever had any customers in Pennsylvania. No one from Pennsylvania has contacted Lani through his business website. A Pennsylvania resident cannot place an order using Lani's website or sign up for regular electronic communications.

---

[6] At oral argument, Ackourey's counsel conceded that there is no basis for exercising general jurisdiction.

[7] *Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss*, at 3-4.

Ackourey's inference to the contrary, Noblehouse.us is not Lani's website.[8] It is owned and operated by NobleHouse Custom Tailors in Hong Kong. Nowhere on the site is there a schedule for Lani to appear in Pennsylvania. The website announced that he was scheduled to be in Colorado, Arizona and Illinois only.

Ackourey bases his assertion of jurisdiction almost exclusively on Lani's website. He characterizes it as interactive, allowing potential customers to interact with Lani. He also contends that Lani's purchasing the 2005 Stylebook, which was shipped from Pennsylvania, provides a jurisdictional base. No one can seriously argue that purchasing the book, a single contact, was significant enough to support the exercise of personal jurisdiction.[9] Thus, we shall examine Lani's website to determine whether it justifies the exercise of personal jurisdiction over Lani.

In today's global economy and the bound-less internet, to permit the exercise of jurisdiction on the basis of a defendant's website alone would virtually expose everyone with a website to personal jurisdiction. Consequently, not every website will subject a defendant to a state's jurisdiction. In order for a defendant's internationally-available website to constitute a sufficient presence subjecting it to general personal jurisdiction in Pennsylvania:

> First, the website must be highly "interactive" or allow customers the opportunity to enter directly into a contract with the defendant over the internet. [Second], much like an in-print advertising campaign, the website

---

[8] Noblehouse.us is a Hong Kong business owned and operated by Vijay Wadhwani, who has not been sued in this case. *Defs.' Mem. in Supp. of Mot. to Dismiss*, at 8 n.2.

[9] Purchasing the 2005 Stylebook from Ackourey in Pennsylvania is nothing more than fortuitous and incidental, especially because it was Ackourey who reached out to Lani in Oregon. This single contact can hardly constitute systematic and continuous contacts. Nor can it be considered substantial enough to justify, consistent with fair play and justice, bringing Lani into a Pennsylvania court.

must either be "central" to the defendant's business in the forum state or specifically target residents of the forum state.

*O'Connor v. Sandy Lane Hotel Co.,* No. 04-2436, 2005 WL 994617, at *3 (E.D. Pa. Apr. 28, 2005), *rev'd with respect to specific jurisdiction,* 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).

Whether a non-resident's website itself is sufficient to confer general personal jurisdiction depends on where it fits on the *Zippo* scale of interactivity. In *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997), the district court set out a sliding scale test for determining whether a website alone can constitutionally support the exercise of jurisdiction. The *Zippo* test has been approved by the Third Circuit. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003).

At one end of the *Zippo* scale is the interactive website that is used in lieu of face-to-face contact to conduct business with residents in the forum state. In other words, business is transacted, not merely advertised, using the website. It is aimed at developing and nurturing a business relationship there. In that instance, the defendant is considered to have purposefully availed itself of conducting business in the state through its website.

At the opposite end is the website that is merely posted as an advertising tool to instigate interest. It is not used to communicate the terms of a transaction or to consummate a deal. Nor is it aimed at any particular state. Such a passive site does not create a relationship with the forum state justifying the exercise of jurisdiction. *See Santana Prods., Inc. v. Bobrick Washroom Equip., Inc.*, 14 F. Supp. 2d 710, 714 (M.D. Pa. 1998) ("a passive web page, *i.e.*, a web page that merely provides information but

through which no business is transacted, will not provide a sufficient basis upon which to base general jurisdiction"); *Cossaboon v. Maine Med. Ctr.*, 600 F.3d 25, 35 (1st Cir. 2010) (the existence of a website visible in the forum that gives information about a company and its products is not enough, without more, to subject a defendant to general personal jurisdiction). However, even where the website is passive and not alone sufficient to provide a personal jurisdictional base, it is still a factor to be considered in the minimum context analysis. *Gehling v. St. George's Sch. of Med. Ltd.*, 773 F.2d 539 (3d Cir. 1985).

Between these points is the interactive website where there is some communication between the out-of-state defendant and the state's residents. In such a case, the jurisdictional inquiry focuses on the commercial purpose, the use and level of the interactivity, and the commercial nature of the information exchanged.

In applying the *Zippo* test, courts in the Third Circuit have generally ruled that availability in the forum state of a passive website is not a sufficient basis for specific personal jurisdiction. *See Barrett v. Catacombs Press*, 44 F. Supp. 2d, 717, 727 (E.D. Pa. 1999); *Blackburn v. Walker Oriental Rug Galleries, Inc.*, 999 F. Supp. 636, 640 (E.D. Pa. 1998) (holding defendant's passive website with an e-mail link for users was not sufficiently purposeful to support jurisdiction). Such a website does not constitute purposeful availment of the forum state. *Blackburn*, 999 F. Supp. at 640. In contrast, personal jurisdiction "may be proper when the internet connections go beyond a mere passive website and indicate that the defendant intentionally directed his or her activity toward the forum state." 16 James Wm. Moore *et al.*, Moore's Federal Practice ¶

108.44[2] (3d ed. 2012) (citing *ALS Scan, Inc. V. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712-14 (4th Cir. 2002), *cert. denied*, 537 U.S. 1105 (2003)).

Interactive websites may form the basis for jurisdiction. However, the mere potential for interactivity with the forum alone is insufficient. *Toys "R" Us*, 318 F.3d at 451. "[S]everal district court decisions from this Circuit have made explicit the requirement that the defendant intentionally interact with the forum state via the web site in order to show purposeful availment and, in turn, justify the exercise of specific personal jurisdiction." *Id.* at 452. In other words, there must be some deliberate action aimed at the forum, such as transactions between the defendant and residents of the forum. *Id.*; *see also Amini Innovation Corp. v. JS Imps., Inc.*, 497 F. Supp. 2d 1093, 1104 (C.D. Cal. 2007) (holding that although website was set up so that forum residents could order products from defendant through website, plaintiff had not made a *prima facie* showing of jurisdiction when there was no evidence that defendants actually conducted business with forum residents through the website). In addition, in cases of specific jurisdiction, the plaintiff's cause of action must arise out of those internet transactions.

Ackourey points to a screenshot of customsuited.com, one of Lani's websites, that invites a visitor to fill out a form to provide an email address.[10] There is no option to place an order or sign up for regular electronic communication. Ackourey also relies upon a screenshot of the Noblehouse.us website that lists dates, times, and contact information regarding available appointment dates.[11] Significantly, that website

---

[10] *Pl.'s Mem. in Opp. to Defs.' Mot. to Dismiss*, Ex. B.

[11] *Id.*, Ex. C.

announces that Lani is available for appointments in Arizona, Colorado and Illinois.[12] Another Noblehouse.us screenshot, titled "Visit Dates for Pennsylvania," urges users to arrange an appointment, but it does not list any available dates or places. More importantly, it does not announce that the customer would be fitted by Lani.

It is clear that there are no continuous and systematic general business contacts between Lani and the Commonwealth of Pennsylvania. *Fields v. Ramada Inn, Inc.*, 816 F. Supp.1033, 1036 (E.D. Pa. 1993). Lani's business is registered and run in Oregon. He does not have any offices, employees, registered agents, or bank accounts in Pennsylvania. He is not registered to do business in Pennsylvania. He does not advertise in Pennsylvania and does not have Pennsylvania customers. He has never traveled to Pennsylvania. He does not now nor has he ever had a physical presence in Pennsylvania. In short, Lani has had no contacts, let alone continuous and systematic ones, with Pennsylvania.

Lani's only potential contact with Pennsylvania is through his website, accessible on any computer, through which appointments can be scheduled. Significantly, the website does not target residents of Pennsylvania or any other state. Although commercial in nature, the website is not used to transact business, but only to solicit inquiries to generate communication. It merely describes the various tailoring services Lani offers. A website that does little more than provide information and invite communication will not support the exercise of personal jurisdiction.

There is no evidence that Pennsylvania contacts are central to Lani's business. He never had a Pennsylvania customer. Therefore, Ackourey has failed to establish

---

[12] *Id.*

that Lani's "affiliations with the State are so 'continuous and systematic' as to render [him] essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, __ U.S. __, 131 S. Ct. 2846 (2011).

There is no basis for justifying the exercise of personal jurisdiction on a specific jurisdiction theory. Ackourey has presented no facts to support a conclusion that Lani had ever entered into an agreement with a Pennsylvania resident using the internet. To the contrary, binding contracts cannot be formed with Pennsylvanians through the internet. Lani's website allows customers to initiate discussions regarding potential transactions by providing personal information over the internet. One cannot confirm an appointment, finalize a deal, and make a contract using the website.

The jurisdictional line distinguishes between advertising and contracting. Stated differently, "the mere existence of a website that is visible in a forum and that gives information about a company and its products is not enough, by itself, to subject a defendant to personal jurisdiction in that forum. . . . Something more is necessary, such as interactive features which allow the successful online ordering of the defendant's products." *McBee v. Delica Co. Ltd.*, 417 F.3d 107 (1st Cir. 2005) (internal citations omitted); *S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F. Supp. 2d 537 (E.D. Pa. 1999). Otherwise, it is no different than an advertisement.

In this case, Lani's website allows customers to contact him to schedule an appointment. However, customers cannot order via the website. They can request an appointment. Scheduling is not complete until the tailor contacts the customer and confirms the date and time. Whether Lani would accommodate the potential Pennsylvania customer is unknown. Essentially, filling out the contact information only

14

triggers a phone call or another method of communication through which Lani sets up an appointment. Thus, the website serves an informational purpose akin to an advertisement on a passive website.

Ackourey relies on his bald assertions that the websites are interactive. Given the absence of contacts between Lani and Pennsylvania, and the passive nature of his website, there is no basis for the exercise of personal jurisdiction over Lani.

**Conclusion**

Lani has had no real contact with Pennsylvania. His website is not sufficiently interactive to support personal jurisdiction. Therefore, because Ackourey has failed to satisfy his burden of demonstrating facts establishing a basis for the exercise of jurisdiction, this action will be dismissed for lack of personal jurisdiction.